JOSIAH HOLMES, JR. *vs.* JONATHAN TABER & another.

If executors hold property in trust, the income of which is to be paid to A. during life, with remainder over to B., and it is taxed to the executors as of the 1st of May, and A. dies within the year and before the tax is paid, the tax cannot be apportioned by the executors between A.'s estate and B., but is chargeable wholly upon the income due to A.'s estate.

PETITION to the judge of probate by the surviving executor of the will of Abner Pease, setting forth that said Pease, in his will, gave the income of the residue of his personal property, after certain bequests, to his widow, Mercy Pease, during her life, with remainder over; that Pease died in 1852; that the residue of the personal property amounted to a large sum; that Mercy Pease died on the 22d of May 1860, and the respondents were appointed administrators of her estate; that there is in the petitioner's hands a certain amount of said income now due to her administrators; that on the 1st of May 1860 a tax of $440.87 was assessed on said trust property in the hands of the peti· tioner, and the respondents deny the petitioner's right to deduct

the amount thereof from the amount of income due to the estate of said Mercy. The petitioner prayed for instructions as to his duty in the premises.

The answer averred that the tax in question was the annual state, county and town tax for 1860, and was not in fact assessed till after the death of Mercy Pease, and ought to be apportioned between her estate and the remainder man. The judge of probate ordered the whole amount of the tax to be deducted from the income in the hands of the petitioner; and the respondents appealed to this court. It was agreed that Abner Pease in his lifetime paid the taxes assessed upon his estate in 1852, and that the facts stated in the petition and answer are true; and the case was reserved by *Chapman,* J. for the determination of the whole court.

*T. M. Stetson,* for the respondents, cited Gen. Sts. *c.* 97, § 24; 1 Cruise Dig. (Greenl. ed.) tit. III. *c.* 1, § 28, n.; *Caulfield* v. *Maguire,* 2 Jones & Lat. 141.

*O. Prescott,* for the petitioner, cited *Watts* v. *Howard,* 7 Met. 478, 482; *Hardy* v. *Yarmouth,* 6 Allen, 277; *Denny* v. *Allen,* 1 Pick. 147; Gen. Sts. *c.* 11, § 12, *cl.* 5.

DEWEY, J. This tax was properly assessed to the estate in the hands of the surviving executor, upon a valuation of May 1st 1860; and the only question is, whether the tax thus assessed and paid by the executor may properly be deducted from the amount in his hands, and he be required to pay over to the administrators of Mercy Pease only the balance after making this deduction.

The ground of objection to this claim of the executor is, that Mercy Pease, who enjoyed the income and use of the fund thus taxed, died on the 22d of May 1860, and it is contended that, as this was a tax for the entire year following May 1st 1860, those who succeed to the income and use of the property ought to bear a portion of the tax. But this position is, we think, untenable. The period of time fixed in reference to ownership as to taxation is the 1st of May in each year. The liability of an individual to be taxed for any specific property is decided by the relation he bears to it at that precise day; and whether he may

have become the owner on the day previous, or ceased to be such owner the day succeeding, is wholly immaterial.

This tax being assessed upon the property as it existed on the 1st of May, if it was a charge upon Mercy Pease, as the party for whose use and benefit the property was held on that day, the subsequent event of her death on the 22d of May did not discharge that liability. Consequently the income of Mercy Pease, who it is admitted was the person then enjoying the estate, and for whose benefit the estate was held by the executor, is properly chargeable with the whole of it.

We see nothing in the act of 1848, *c.* 310, § 2, (Gen. Sts. *c.* 97, § 24,) providing for apportionment of an annuity or income where a person dies within the year, that can affect the question of this tax, and upon whose estate or income it is chargeable.

The result is, that the judgment of the probate court, ordering that the amount of this tax be deducted from the amount of funds in the hands of the executor, due to the estate of Mercy Pease, and the balance only be paid to her administrators, is affirmed.